EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL SALÓN COLÓN y SAMUEL MALDONADO ROSARIO, acusados y apelantes.

Núm. 13048.—*Sometido:* Febrero 19, 1948.   *Resuelto:* Abril 30, 1948.

*José R. Fournier,* abogado de los apelantes; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En este caso se presentó una acusación por hurto mayor contra Miguel Salón, Samuel Maldonado y Felipe Nieves. Al llamarse el caso para juicio, pero antes de desinsacularse el jurado, el fiscal solicitó de la corte el sobreseimiento de la acusación en cuanto a Felipe Nieves, porque en lo que a éste respecta, no tenía pruebas para sostenerla. Declarada con lugar la moción y sobreseído el caso en cuanto a Nieves, se procedió a la celebración del juicio. Una vez constituído el jurado, el fiscal solicitó permiso para incluir a Nieves como testigo de cargo. Se opuso la defensa alegando que no estaba preparada para afrontar la nueva situación, la cual constituía una sorpresa, por cuyo motivo los acusados no estaban en condiciones de entrar a juicio. La corte permitió que Nieves fuese utilizado como testigo del fiscal y la defensa tomó excepción.

El jurado trajo un veredicto de culpabilidad contra Miguel Salón y Samuel Maldonado, siéndoles impuestas sentencias de dos a tres años y de tres a cinco años de presidio con trabajos forzados, respectivamente. Los dos apelaron y como único error señalan el haber la corte permitido al fiscal utilizar a Felipe Nieves como testigo.

Los acusados admiten que de conformidad con el artículo 239 del Código de Enjuiciamiento Criminal, cuando dos o más personas hayan sido incluídas en una misma acusación, el Tribunal en cualquier tiempo antes de que los acusados hayan empezado su defensa, puede, a petición del fiscal, decretar el sobreseimiento de la acusación en cuanto a cualquiera de ellos, con objeto de que sirva de testigo. Pero arguyen los acu-

sados que al anunciar el fiscal, después de constituído el jurado, su propósito de utilizar a Nieves como testigo, lo hizo tardíamente y que el utilizarlo en tales condiciones constituía una sorpresa para ellos.

La contención de la defensa carece de méritos. Si el fiscal, haciendo uso del derecho que le concede el artículo 239 antes citado, hubiera reservado su moción para desestimar la acusación contra Nieves hasta después de empezada su prueba y antes de que empezara la de los acusados, no podría alegarse tal sorpresa, toda vez que la actuación del fiscal estaba sancionada por la ley. Si esto es así ¿por qué ha de constituir sorpresa o indefensión cuando el fiscal solicita el desistimiento antes de empezar su prueba? Si la ley autoriza al fiscal para desistir, con permiso de la corte, en cuanto a cualquier acusado para utilizarlo como testigo contra sus compañeros, siempre que la moción se presente antes de empezar la prueba de descargo, fácilmente se comprende que los acusados— puesto que no pueden alegar ignorancia de la ley—deban venir preparados para afrontar esa emergencia. Si no lo están, y sufren una sorpresa, la culpa no es del fiscal, sino de su propia imprevisión.

Podrá argüirse que el fiscal, al pedir permiso para desestimar la acusación en cuanto a Nieves, no anunció que lo hacía porque estaba interesado en utilizarlo como testigo. La frase "con objeto de que sirva como testigo del poder público" que aparece en el artículo 239, no significa que el fiscal sólo pueda pedir el desistimiento cuando desea utilizar al acusado como testigo. Es claro que si existe evidencia suficiente contra el acusado para someter el caso al jurado, el fiscal no tiene derecho a solicitar el desistimiento, a menos que sea con el objeto de utilizarlo como testigo contra sus compañeros. Pero el fiscal tiene, no sólo el derecho, sino el deber de solicitar de la corte el desistimiento, cuando no

tiene evidencia suficiente para someter el caso a juicio. Una vez que el acusado ha sido excluído de la acusación, puede ser compelido a declarar como cualquier otro testigo.(1)

*Procede la confirmación de la sentencia.*

---

(1)La Ley núm. 13 de 9 de abril de 1941 ((1) pág. 347), en lo pertinente, prescribe:

"Ninguna persona será procesada, castigada o confiscados sus bienes por testificar o producir evidencia de cualquier clase en un procedimiento, proceso o investigación criminal, y tal inmunidad cubrirá al declarante no sólo en lo declarado por él acerca del delito que se investigue, sino en relación con cualquier responsabilidad en que pudiera haber incurrido con respecto a otros delitos."